IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ECHO JORDANA SCHWAN,** | CASE NO. 3:25 CV 591 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff Echo Jordana Schwan seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Clay recommends this Court affirm the Commissioner's final decision. (Doc. 13). Plaintiff filed objections to the R&R (Doc. 14), and the Commissioner filed a response thereto (Doc. 15). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income and disability insurance benefits in May 2023. *See* Tr. 181-86. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on April 25, 2024, finding Plaintiff not disabled. (Tr. 11-21). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument regarding the ALJ's decision to the Magistrate Judge: "The ALJ's RFC [residual functional capacity] determination is not supported by substantial evidence because the ALJ failed to explain the extent of erosion on the sedentary occupational work base and failed to discuss whether significant numbers of jobs exist in the region where Plaintiff lives pursuant to SSR 96-9p, leaving the Court unable to conduct a substantial evidence review." (Doc. 10, at 3).

In his R&R, Judge Clay concluded the ALJ did not err because the ALJ's analysis constituted a sufficient individualized assessment of the effect of Plaintiff's limitations on the number of available sedentary jobs required by SSR 96-9p, including reliance on a vocational expert's testimony. *See* Doc. 13, at 10. He further concluded there was no significant erosion of the sedentary occupational base requiring further explanation from the ALJ or the vocational expert, *id.* at 11-13, and thus recommends the Court affirm the Commissioner's decision, *see id* at 13.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is

2

defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (citation modified). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION

Plaintiff objects to the R&R. Specifically, she asserts, contrary to the Magistrate Judge's determination, her RFC did not "match" the hypothetical presented to the vocational expert. (Doc. 14, at 1). This is so, she contends, because the "RFC was more restrictive, insofar as it did not allow [Plaintiff] to lift 10 pounds for up to 1/3 of the workday, or carry 10 pounds at all, as the hypothetical does." *Id.* The Commissioner responds that the R&R is well reasoned and should be adopted and that the RFC and hypothetical question are consistent with the definition of sedentary work. *See* Doc. 15. The Commissioner further asserts Plaintiff's objection presents a different argument than that originally presented to the Magistrate Judge. *Id.* at 3.

To start, it is true arguments raised for the first time in objections are deemed waived. *See, e.g.*, *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). To the Magistrate Judge, Plaintiff argued "the RFC leaves an ambiguity concerning the extent of erosion upon the sedentary work base caused by Plaintiff's *inability* to lift and carry 10 pounds." (Doc. 10, at 6) (emphasis added). She also argued the relevant regulation required Plaintiff to be able to lift and carry ten pounds "for the entire workday." *Id.* at 11. Now, Plaintiff argues the definition of sedentary work requires lifting ten pounds "at a time" and "'at a time' does not equate to being able to lift 10 pounds up to one-third of the workday." (Doc. 14, at 2). This appears to be a different argument. Nevertheless, as Plaintiff's objection is directed at the Magistrate Judge's reasoning, the Court addresses it below.

3

Plaintiff contends the R&R incorrectly concludes the ALJ's RFC matched the hypothetical question presented to the vocational expert. (Doc. 14, at 1-2); *id.* at 14 ("Because the lifting and carrying tolerances of the hypothetical and decisional RFC do not match, and the latter is far more restrictive, this case should be remanded.").

In relevant part, the ALJ stated Plaintiff retained "the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except frequently lift and carry less than ten pounds." (Tr. 16).

The cited regulations define the lifting and carrying requirements of sedentary work as: "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Occasionally" means "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9p, 1996 WL 362208; *see also* SSR 83-10p, 1983 WL 31251, at *5 (same definition). "Frequently" means "occurring from one-third to two-thirds of the time." SSR 83-10p, 1983 WL 31251, at *5. Further, the Social Security Administration's Program Operations Manual System ("POMS") defines the "Limits of Weights Lifted/Carried or Force Exerted by Strength Level" for sedentary work as requiring occasional lifting of negligible to ten pounds, frequent lifting of negligible weight, and no constant lifting of any amount of weight. *See* POMS DI 25001.001(A)(20) Medical and Vocational Quick Reference Guide, https://secure.ssa.gov/poms.nsf/lnx/0425001001.[1]

---

1. "Although without legal force, the Agency's Program Operations Manual System (POMS) . . . [is] persuasive authority." *Wohler v. Saul*, 2020 WL 1531296, at *13 (N.D. Ohio); *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989) ("Although the POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims and does not have the force and effect of law, it is nevertheless persuasive.").

Taking all of the above together, the Court finds the ALJ's statement that Plaintiff could "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except frequently lift and carry less than ten pounds . . .", (Tr. 16), means Plaintiff could lift and carry ten pounds occasionally, *see* POMS DI 25001(A)(20), and lift or carry amounts less than ten pounds frequently. That is, Plaintiff could perform the ten pound lifting and carrying requirements of sedentary work and could frequently lift and carry amounts less than ten pounds. *See* Doc. 13, at 12 ("The RFC limits Ms. Schwan to lifting no more than 10 pounds at a time and frequently lifting less than 10 pounds.").[2]

The ALJ here asked a vocational expert whether an individual who could, *inter alia*, "lift ten pounds occasionally and less than ten pounds frequently," and "carry ten pounds occasionally and less than ten pounds frequently" could maintain employment. (Tr. 47). The VE responded that such an individual could perform various jobs in the national economy (small parts shorter, document preparer, and address clerk). (Tr. 48). The Court thus disagrees with Plaintiff's argument and agrees with the R&R that the hypothetical question matched the ALJ's RFC. As such, the vocational expert's testimony provides substantial evidence to support the ALJ's Step Five determination. The Court therefore overrules Plaintiff's specific objection.

---

2. Thus, the Court agrees with the Commissioner's analysis that "Plaintiff's argument appears to be premised on the belief that the ALJ found she could not lift 10 pounds at all. But that is not what the ALJ found." (Doc. 12, at 5). And the Court further agrees with the R&R's determination that the ALJ's decision does not conflict with SSR 96-6p because "Ms. Schwan's RFC does not meet either condition", i.e., being "unable to lift 10 pounds or occasionally lift and carry items like docket files, ledgers, and small tolls throughout the workday," for erosion based on lifting and carrying restrictions. (Doc. 13, at 11) (quoting SSR 96-9p, 1996 WL 374185, at *6).

5

**CONCLUSION**

For the foregoing reasons, Plaintiff's objection is OVERRULED, Judge Clay's R&R (Doc. 13) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2026